LYON LEGAL, P.C.
DEVON M. LYON, ESQ. (State Bar No. 218293)
  Email: d.lyon@lyon-legal.com
MATTHEW B. PEREZ, ESQ. (State Bar No. 326350)
  Email: m.perez@lyon-legal.com
2698 Junipero Ave., Suite 201A
Signal Hill, CA 90755
(562) 216-7382 Telephone
(562) 216-7385 Facsimile

Attorneys for Plaintiff,
**ANTHONY WILKINS**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILKINS, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF RIVERSIDE, a public entity; and DOES 1-10, inclusive, <br><br> Defendants. | Case No.: 5:22-CV-00798 <br><br> **COLLECTIVE ACTION** <br><br> **COMPLAINT FOR DAMAGES** <br><br> 1. **Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 216(b); and** <br> 2. **Failure to Provide Bona Fide Meal Periods** <br><br> **DEMAND FOR JURY TRIAL** |

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Plaintiff Anthony Wilkins ("Plaintiff") alleges the following upon information and belief, based upon investigation of counsel, published reports, and personal knowledge:

## I.

## **NATURE OF THE ACTION**

1. Plaintiff alleges causes of action against defendants County of Riverside ("Defendant" or "County"), a municipal corporation, and Does 1-10, inclusive (collectively, "Defendants") seeking unpaid overtime wages, compensation and interest thereon, waiting time penalties, liquidated damages, and other penalties, injunctive relief, declaratory relief and reasonable attorney fees under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

2. Plaintiff brings this action on behalf of himself, and all other persons similarly situated (hereinafter referred to as the "Collective Action Members" for the purposes of the FLSA).

3. These causes of action arise from Defendants' willful actions while Plaintiff was employed by Defendants within the last three years. During his time being employed by Defendants, Plaintiff was denied overtime compensation.

4. Plaintiff worked at Defendants' principal places of business in the past three years.

5. Defendants failed to pay Plaintiff's overtime wages for all hours worked in violation of 29 U.S.C. §§ 206 and 207 of the FLSA, which provides for minimum standards for overtime compensation and details procedures by which covered overtime work time must be compensated.

6. Defendants' conduct violates the FLSA, which requires non-exempt employees to be compensated for overtime work at a rate of one and one-half (1½) the regular rate of pay. *See* 29. U.S.C. 207(a).

/ / /

/ / /

7. On information and belief, Defendants routinely suffered and/or permitted Plaintiff and Collective Action Members to work in excess of forty (40) hours per week including controlled standby that was paid below the straight time rate regardless of the total hours worked. Defendants had a consistent policy that failed to pay Plaintiffs and Collective Action Members controlled standby time at 1.5x the regular rate of pay and/or excluding such wages from the determination of the regular rate for the purposes of calculating overtime compensation due.

8. On information and belief, agents, officers or other persons acting on behalf of Defendants knew of these facts and legal requirements, yet, nonetheless, repeatedly authorized and/or ratified the violation of the laws cited herein.

## II.
## VENUE AND JURISDICTION

9. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 because this action arises under the FLSA, 29 U.S.C. §§ 201, *et seq*. Plaintiff's state law claims for relief are within the supplemental jurisdiction of the Court pursuant to 28 U.S.C. § 1367(a).

10. Venue is proper in this District because all or a substantial portion of the events forming the basis of this action occurred in this District. Defendants' are located in this District and Plaintiff worked in this District.

11. Plaintiff has satisfied all conditions precedent, if any, to the filing of this suit.

## III.
## PARTIES

12. Plaintiff is employed by Defendants and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

13. The County of Riverside is a public entity existing under the laws of the State of California and is a general law city as defined by Government Code § 36501.

14. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

15. At all material times during the three (3) years prior to the filing of this action, Defendants failed to pay overtime wages to certain employees.

16. The true names, capacities or involvement, whether individual, corporate, governmental or associate, of the Defendants named herein as DOE 1 through 10, inclusive are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. Plaintiff prays for leave to amend this Demand to show the true names and capacities when the same have been finally determined. Plaintiff is informed and believes, and upon such information and belief alleges thereon, that each of the Defendants designated herein as DOE in negligently, intentionally, strictly liable or otherwise legally responsible in some manner for the events and happenings herein referred to, and negligently, strictly liable intentionally or otherwise caused injury and damages proximately thereby to Plaintiff, as is hereinafter alleged.

17. Plaintiff is informed and believes that, at all relevant times herein, Defendants engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the conduct of its employees and agents, and other Defendants and are vicariously or strictly liable for the wrongful conduct of its employees and agents as alleged herein.

18. Plaintiff is informed and believes that, and on that basis alleges that, each of the Defendants acted, in all respects pertinent to this action, as the agent or employee of each other, and carried out a joint scheme, business plan, or policy in all respect thereto and, therefore, the acts of each of these Defendants are legally attributable to the other Defendants, and that these Defendants, in all respects, acted as an employer and/or joint employers of Plaintiff in that each of them exercised control over his wage payments and control over his duties.

/ / /

19. Plaintiff is informed and believes that, and on that basis alleges that, at all relevant times, each and every Defendant has been the agent, employee, representative, servant, master, employer, owner, agent, joint venture, and alter ego of each of the other and each was acting within the course and scope of his or her ownership, agency, service, joint venture, and employment.

20. At all times mentioned herein, each and every Defendant was the successor of the other and each assumes the responsibility for the acts and omissions of all other Defendants.

## IV.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

### (Against All Defendants)

### A.   FACTUAL ALLEGATIONS

21. Plaintiff, on behalf of himself and all other Collective Action Members repeat and re-allege each and every allegation by reference contained in all previous paragraphs.

22. Plaintiff brings this collection action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of himself and all other similarly situated individuals under the provisions of 29 U.S.C. § 216 for damages, liquidated damages under a three-year statute of limitations, and relief incident and subordinate thereto, including costs and attorneys' fees.

23. Plaintiff, as a collective action representative, brings this action on behalf of all similarly situated individuals. The proposed class includes the following similarly situated individuals ("Collective Action Members"). The Collective Action class consists of Plaintiff and all individuals employed as non-exempt Nurses by Defendants who engaged in work related duties for more than 40 hours in a workweek and were denied bona fide meal periods at any time from three years before the filing of the instant Complaint, or other application statute of limitations,

and ending at the time this action proceeds to final judgment or settlement (the "Collective Action Period").

24. Defendants operate several facilities located in the County of Riverside. At all times mentioned herein, Defendants were "employers" of Plaintiff.

25. At most, if not all times during the three (3) years prior to the filing of the instant action, Defendants failed to pay overtime wages to its Nurses.

26. At most, if not all times during the three (3) years prior to the filing of the instant action, Defendants failed to provide bona fide meal periods.

27. At all times relevant to this action, Defendants exercised a great deal of operational and management control over the employees, particularly on the hours they worked outside of the facility.

28. At all times relevant to this action, Defendants exercised a great deal of operational and management control over the employees, particularly on continuing to work during meal periods.

29. Plaintiff worked as a Senior Institutional Nurse for Defendants during the past three years, and since approximately April 2017.

30. Plaintiff is a member of the Service Employees International Union, Local 721. The Union and the Defendants have entered into a Collective Bargaining Agreement. *See* Collective Bargaining Agreement, attached hereto as Exhibit A.

31. During the relevant period of time, Defendants classified Plaintiff as a non-exempt hourly employee including being compensated for "standby hours" as per the Collective Bargaining Agreement ("CBA"). *See* Exhibit A.

32. Section 3(A) of the CBA defines "Standby Duty - General" as "Except as set out forth below, when placed by the department head or a designee specifically on standby duty, an employee shall be paid one (1) hour at the base rate of pay for eight (8) hours of such duty in addition to the regular salary. The compensation shall cease when the employee physically reports to a worksite and shall resume at the completion of the call-back work. Worksite, for the purposes of this Section, shall

mean the location an employee is required to physically report to in order to complete the work assigned. The standby duty shall not cease if an employee is able to complete the required work remotely without having to physically report to a worksite. All standby duty premium shall cease at the end of the standby duty shift." *See* Exhibit A.

33. The CBA continues with, "[e]mployees placed on standby duties are subject to the following requirements: (1) Be ready to respond immediately to call-back work, or by a specific call time pursuant to operational requirements establish by the employee's department; (2) Remain in the general vicinity of their home or worksite during the standby periods; (3) Refrain from intoxicants or other activities which might impair the ability to perform assigned duties; and (4) Notify the employee's supervisor immediately if the employee is unable to be on standby due to an unforeseen emergency." *See* Exhibit A.

34. Section 3(B)(2) of the CBA defines "Remote Call-Back." The CBA provides, "an employee who is called to perform work but is able to complete the work required without the employee having physically report to a worksite, whether or not he/she is on standby duty status, shall receive minimum credit for one (1) hour's work at the rate of one and one-half (1½) the base rate of pay. *See* Exhibit A.

35. Plaintiff regularly worked four 10 hour shifts per week on site, totaling 40 hours per week. On information and belief, Plaintiff believes other Collective Action Members worked the same or similar hours of work.

36. When Plaintiff was not working on site, Plaintiff was scheduled to remain on standby for the remaining hours of the day. For every standby hour, Plaintiff was paid $6.50 per hour per the terms of the Collective Bargaining Agreement. On information and belief, Plaintiff believes other Collective Action Members worked the same or similar hours of work.

/ / /

/ / /

37. While on standby, Plaintiff was also expected to answer and respond to any and all calls, texts, and emails from the Defendants. If Plaintiff failed to comply with these rules, Plaintiff and other Collective Action Members were subject to discipline, including but not limited to dock of pay.

38. During these standby hours, Plaintiff was regularly called back to perform work for the Defendants. During these times, Plaintiff's work status should have been changed from "standby" to "remote call-back." Since Plaintiff was now performing actual work, he should have been paid at the proper rate as per the terms of the CBA and FLSA. However, Plaintiff was only compensated the standby hour rate of pay. Plaintiff was not paid the overtime rate established in Section 3(B)(2) of the Collective Bargaining Agreement "Remote Call-Back." This practice is also a violation of the FLSA. On information and belief, Plaintiff believes other Collective Action Members were only paid the Standby Hour rate, while performing work related duties.

39. As a result of this discrepancy, Plaintiff made complaints about the incorrect pay rate.

40. Defendants did not correct its pay rate issues until approximately December 2021 as a result of the complaints from Plaintiff and other Collective Action Members.

41. Plaintiff has hired counsel experienced in class action and in collective actions under 29 U.S.C. § 216(b) who will adequately represent the collective.

## V.
## CAUSES OF ACTION
### FIRST CAUSE OF ACTION
**FAILURE TO PAY OVERTIME WAGES IN VIOLATION OF 29 U.S.C. § 216(b)**

42. Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-39 as though fully set forth herein.

43. At all relevant times, Plaintiff is employed by Defendants and Plaintiff qualifies as an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

44. At all relevant times, Plaintiff has been non-exempt employee of Defendants and is entitled to the full protections of the FLSA.

45. The FLSA states that employees must receive overtime pay for hours worked in excess of 40 in a workweek at a rate not less than time and one-half their regular rates of pay.

46. Any employer who violates the provision of the FLSA shall be liable to the employee or employees affected in the amount of the unpaid overtime compensation and in an additional equal amount as liquidated damages.

47. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants reasonable attorneys' fees and costs of the action, including interest, pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## FAILURE TO PROVIDE BONA FIDE MEAL PERIODS

48. Plaintiff hereby incorporates by reference and re-alleges paragraphs 1-39 as though fully set forth herein.

49. Code of Federal Regulations § 785.19 states that employees must be completely relived from duty for the purposes of eating regular meals.

50. The employee is not relieved if he is required to perform any duties, whether active or inactive while eating.

51. Plaintiff believes and asserts that he was required to perform duties while on his regular meal period because he was required to leave his radio on and respond.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests of this Court the following relief:

1. For compensatory damages according to proof of at least $100,000 for Plaintiff;
2. For special damages according to proof;
3. For restitution of unpaid monies;
4. For attorneys' fees;
5. For statutory penalties;
6. For costs of suit incurred herein;
7. For civil penalties;
8. For pre-judgment interest;
9. For post-judgment interest;
10. For general damages in an amount to be proved; and
11. For such other and further relief as the tribunal may deem just and proper.

LYON LEGAL, P.C.

Dated: May 10, 2022       By: /s/Devon M. Lyon
                              DEVON M. LYON, ESQ.
                              MATTHEW B. PEREZ, ESQ.

                              Attorneys for Plaintiff,
                              **ANTHONY WILKINS**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PROOF OF SERVICE