LYON LEGAL, P.C.
DEVON M. LYON, ESQ. (State Bar No. 218293)
  Email: d.lyon@lyon-legal.com
MATTHEW B. PEREZ, ESQ. (State Bar No. 326350)
  Email: m.perez@lyon-legal.com
1154 E. Wardlow Road
Long Beach, CA 90807
(562) 216-7382 Telephone
(562) 216-7385 Facsimile

Attorneys for Plaintiff,
**ANTHONY WILKINS**

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – EASTERN DIVISION

| | |
|---|---|
| ANTHONY WILKINS, an individual, | Case No.: 5:22-CV-00798-JWH-DTBx |
| Plaintiff, | *Assigned for all discovery and/or post-judgment purposes to the Honorable David T. Bristow* |
| vs. | |
| COUNTY OF RIVERSIDE, a public entity; and DOES 1-10, inclusive, | *Assigned for all purposes to the Honorable John W. Holcomb* |
| Defendants. | **UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT, AWARD OF ATTORNEY'S FEES AND COSTS** |
| | Hearing Date:  July 18, 2025 |
| | Time:  9:00 a.m. |
| | Department:  9D |
| | Date Action Filed:  May 11, 2022 |
| | Department:  9D |
| | Trial Date:  Vacated |

/ / /

/ / /

/ / /

/ / /

/ / /

**TO THIS HONORABLE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, July 18, 2025 at 9:00 a.m. in Department 9D of the above-referenced Court, located at 411 West Fourth Street, Santa Ana, California 92701, Plaintiff Anthony Wilkins ("Plaintiff") and Opt-In Plaintiffs, Arnisa Adewunmi, Karen Balajadia, Karen Marshalleck, Letishia Stillwell, Marilyn Brooks, Mark MacNeill, Roberta Rodriguez, Sylvia Derhak, Mickie White-Stanich, Maxwell Setsoafia, Noemi Martinez, Dominique Jackson, and Iesha Brown ("Opt-In Plaintiffs" and, collectively with Plaintiff Wilkins, "Plaintiffs") by and through their undersigned counsel, hereby request:

- Approval of the settlement agreement (the "Agreement") reached between the Parties. *See* Declaration of Devon M. Lyon ("Lyon Decl."), ¶ 22, Ex. 1;
- Approval of the Attorneys' Fees in this matter reached between the Parties. *See* Lyon Decl., ¶¶ 26-34; and
- For the Court to retain Jurisdiction until the settlement is finalized, which is expected to be 40 days after the Court Approves the settlement.

The Agreements signed by each respective Plaintiff are attached as Exhibit 1 to the Lyon Decl. ¶ 22 filed concurrently with this Joint Motion. The Parties submit that the Court should approve the settlement for the reasons described below.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place prior to filing this motion, including on April 28, 2025. Defendant County of Riverside ("Defendant")(collectively with "Parties") does not oppose Plaintiffs' motion if the County's Board of Supervisors approves the negotiated settlement agreement.  The County's Board of Supervisors is scheduled to consider the agreement for approval at its June 24, 2025, meeting.

/ / /

/ / /

/ / /

# **TABLE OF CONTENTS**

I.    PLAINTIFFS' CLAIMS/CAUSES OF ACTION & PROCEDURAL HISTORY ........................................................................ 1

II.   FACTUAL BACKGROUND ................................................................. 3

III.  THE SETTLEMENT AGREEMENT .................................................... 3

IV.  STANDARD FOR APPROVAL OF FLSA SETTLEMENTS ...................... 4

      A.   THE SETTLEMENT IS A REASONABLE COMPROMISE OF A BONA FIDE DISPUTE REGARDING FLSA LIABILITY ............................................... 6

      B.   THE SETTLEMENT WAS REACHED THROUGH A FAIR NEGOTIATION ................................................................ 8

      C.   THE SETTLEMENT IS NOT THE RESULT OF FRAUD OR COLLUSION ........................................................................ 8

      D.   THE SETTLEMENT FALLS WITHIN THE REASONABLE RANGE OF POSSIBLE RECOVERY ...................... 8

      E.   THE SETTLEMENT IS FAIR AND REASONABLE IN THE LIGHT OF THE FACTS AND APPLICABLE LAW ............... 10

V.   THE ATTORNEYS' FEES AND COSTS SOUGHT ARE FAIR AND REASONABLE ........................................................................... 12

VI.  RETENTION OF JURISDICTION PENDING COURT APPROVAL ...................................................................................... 15

VII. CONCLUSION .................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**

Barrentine v. Arkansas–Best Freight System,
  450 U.S. 728 (1981) ....................................................................................... 5

*Campbell v. City of Los Angeles,*
  903 F.3d 1090 (9th. Cir. 2018) ..................................................................... 11

*Cheeks v. Freeport Pancake House, Inc.,*
  796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016) .............. 7

*Cotton v. Hinton,*
  559 F.2d 1326 (5th Cir. 1977) ....................................................................... 6

*Dunn v. Teachers Ins. & Annuity Ass'n of Am.,*
  No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016) ........... 4

*Flores v. City of San Gabriel,*
  824 F.3d 900 (9th. Cir. 2016) ....................................................................... 11

*Greer v. Dick's Sporting Goods, Inc.,*
  2020 WL 5535399, at *4 (E.D. Cal. Sept. 15, 2020) .................................. 12

*Haro v. City of Los Angeles,*
  745 F.3d 1249 (9th. Cir. 2014) ..................................................................... 11

*In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.,*
  55 F.3d 768 (3rd Cir. 1995) ........................................................................... 6

*King v. My Online Neighborhood,*
  No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) ..6, 10

*Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.,*
  18 F.3d 1527 n.6 (11th Cir. 1994) ................................................................. 6

*Lynn's Food Stores, Inc. v. United States,*
  679 F.2d 1350 (11th Cir. 1982) ............................................................. 4, 5, 12

*McKeen-Chaplin v. Franklin Am. Mortg. Co.,*
  2018 WL 3474472, at *2 (N.D. Cal. July 19, 2018) .................................... 12

Otey v. CrowdFlower, Inc.,
  No. 12-cv-05524, 2014 WL 1477630, at *3 & n.5 (N.D. Cal. Apr. 15, 2014) ..... 5, 8

*Rodriguez v. Nationwide Mutual Ins.Co., et al.,*
  No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1 (C.D. Cal. Nov. 16, 2017)
  ................................................................................................................... 4

*Sanders v. County of Ventura,*
  87 F.4th 434 (9th. Cir. 2023) ....................................................................... 11

*Selk v. Pioneers Memorial Healthcare District,*
  159 F. Supp. 3d 1164 (S.D. Cal. 2016) ....................................................... 10

*Soler v. G & U, Inc.,*
  658 F.Supp. 1093 (S.D.N.Y. 1987) ............................................................... 7

*Tony & Susan Alamo Found. v. Sec'y of Labor,*
  471 U.S. 290 (1985) ....................................................................................... 7

*Trinidad v. Pret a Manger (USA) Ltd.,* No.
  12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014) .............. 7

**Statutes**

29 U.S.C. § 206...........................................................................................1
29 U.S.C. § 207...........................................................................................1
29 U.S.C. § 216(b)...........................................................................1, 5, 12, 13
29 U.S.C. § 260...........................................................................................9
29 U.S.C.§ 216(b)........................................................................................12

## MEMORANDUM AND POINTS OF AUTHORITIES

### I.    PLAINTIFFS' CLAIMS/CAUSES OF ACTION & PROCEDURAL HISTORY

Plaintiff was a Senior Institutional Nurse for the Defendant from June 25, 2015 to May 6, 2022. Prior to the filing of the lawsuit, Plaintiff's counsel completed a detailed intake process to determine not only Mr. Wilkins' individual claims but also the claims of those similarly situated. *See* Lyon Decl. ¶ 2.

On May 10, 2022, Plaintiff filed the instant action with causes of action pursuant to 29 U.S.C. § 216(b) and Failure to Provide Bona Fide Meal Periods [Dkt. No. 1.] *See* Lyon Decl. ¶ 3. Plaintiff filed a First Amended Operative Complaint against the Defendant on July 1, 2022 alleging Failure to Pay Overtime Wages in Violation of 29 U.S.C. § 207; and Failure to Pay Minimum Wages in Violation of 29 U.S.C. § 206. [Dkt. No. 16.] *See* Lyon Decl. ¶ 4. The causes of action were based on a failure to pay all wages earned, primarily hours worked off the clock. *See* Lyon Decl. ¶ 5.

On July 15, 2022, Defendant County of Riverside filed an Answer to the First Amended Complaint alleging among other things, that it acted in good faith, did not willfully violate the FLSA, and that the Plaintiffs were considered "exempt" from the overtime requirements of the FLSA because they worked in an exempt position. [Dkt. No. 17] *See* Lyon Decl. ¶ 6.

On November 2, 2022, Plaintiff served his first set of written discovery onto the Defendants.  *See* Lyon Decl. ¶ 7. On March 14, 2023, Defendant County of Riverside served its responses thereto. *See* Lyon Decl. ¶ 8.

On March 17, 2023, Plaintiff filed a motion for conditional certification and issuance of notice pursuant to § 216(b) of the Fair Labor Standards Act ("FLSA"). [Dkt. No. 23.] *See* Lyon Decl. ¶ 9. On June 29, 2023, The Court granted conditional certification. *See* Lyon Decl. ¶ 10.

/ / /

/ / /

On October 13, 2023, the Court approved the Parties Notices and Consent forms. [Dkt. No. 34.] *See* Lyon Decl. ¶ 11.  Following the distribution of the Notices and Consent Forms the following individuals opted into the Collective Action: Arnisa Adewunmi, Karen Balajadia, Karen Marshalleck, Letishia Stillwell, Marilyn Brooks, Mark MacNeill, Roberta Rodriguez, Sylvia Derhak, Mickie White-Stanich, Maxwell Setsoafia, Noemi Martinez, Dominique Jackson, Iesha Brown, and Audrianna Lopez. [Dkt. Nos. 45-54,56,65-66.]. *See* Lyon Decl. ¶ 11.

Thereafter, the parties engaged in further discovery and depositions.  On December 4, 2024, written discovery for each Opt In Plaintiff was served onto the Defendant. *See* Lyon Decl. ¶ 12. Defendant County of Riverside served its responses to the each of the Opt In Plaintiff's written discovery. *See* Lyon Decl. ¶ 12.

On August 12, 2024, Defendant deposed Plaintiff, Anthony Wilkins. *See* Lyon Decl. ¶ 13. On October 21, 2024, Defendant deposed Opt In Plaintiff Mark Macneil. *See* Lyon Decl. ¶ 14. On November 22, 2024, Defendant deposed Opt In Plaintiff Letishia Stillwell. *See* Lyon Decl. ¶ 15. The Parties engaged in arms'-length, non-collusive discussions regarding possible mediation and eventually settlement. *See* Lyon Decl. ¶ 16.

On November 26, 2024, the Parties attended a mediation with the Hon. Patrick J. Walsh (Ret.) but did not reach an agreement. *See* Lyon Decl. ¶ 17. On January 8, 2025, Defendant deposed Opt In Plaintiff, Karen Balajadia. *See* Lyon Decl. ¶ 18. On January 9, 2025, Defendant deposed Opt In Plaintiff Arnisa Adewunmi. *See* Lyon Decl. ¶ 19.

Following the mediation, the Hon. Walsh continued settlement discussions and diligently worked with the Parties concerning resolution, which resulted in the Parties accepting a mediator's proposal to resolve the case. The proposal was accepted on January 23, 2025. *See* Lyon Decl. ¶ 20.

/ / /

/ / /

UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT
2

On January 31, 2025, the Parties filed a Stipulation requesting the Court vacate all pre-trial and trial dates and stay the entire matter for a period of ninety (90) days for settlement purposes. The Court granted the Stipulation. *See* Lyon Decl. ¶ 21.

On June 24, 2025, the Riverside County Board of Supervisors will be presented the settlement agreement in this matter for signature. Upon review of the settlement agreement by the Board of Supervisors, the agreement is expected to be fully executed by all Parties.  *See* Lyon Decl. ¶ 22.

## II.    FACTUAL BACKGROUND

Plaintiff Wilkins was a Senior Institutional Nurse in the County of Riverside's Correctional Health Services Department in Riverside, California from June 25, 2015 to May 6, 2022. Plaintiff contends he worked several hours each shift without receiving the proper pay rate that being either a minimum wage or an overtime wage. Wilkins Decl. ¶¶ 20-32 (Dkt. No. 25-1). Plaintiff and the Opt-In Plaintiffs contend they were employees under the FLSA, entitling them to backpay (overtime and/or the minimum wage) and liquidated damages for hours worked off the clock. There are two separate subclasses of Plaintiffs:

> 1.    Remote Call Back Subclass; and
>
> 2.    Radio Subclass.

Defendant disagrees with Plaintiffs' factual assertions. Defendant contends Plaintiff and the Opt In Plaintiffs were paid for all hours worked and were exempt from overtime under the "professional" FLSA exemption.

## III.   THE SETTLEMENT AGREEMENT

Under the Agreement, Defendants have agreed to pay a gross settlement of $500,000 ("Total Settlement Amount"). Of the $500,000, $319,000.00 shall be allocated entirely to the Plaintiffs, $16,483.77 is allocated to recoverable costs and $164,516.23 in attorney's fees under the FLSA. *See* Lyon Decl. ¶ 26 Exhibit 2 and 3. The allocation of the $319,000 net was calculated based upon the number of hours worked by each respective Plaintiff.  That calculation is noted in a chart attached to

each Settlement Agreement.  *See* Exhibit A of Settlement Agreement, which is attached to the Lyon Decl. ¶ 26 as Exhibit 1.  All Plaintiffs have signed the Settlement Agreement.  Defendant has not yet executed the Settlement Agreement because the County requires the Settlement Agreement be signed by the Board of Supervisors. Counsel for Defendant has advised that this is purely a formality and it will be approved and signed at the June 24, 2025 Board of Supervisor meeting, a date prior to a hearing on this Motion.  *See* Declaration of Brian Walter ("Walter Decl.) ¶ 5.  Upon Defendant's execution of the Settlement Agreement and prior to the hearing on this motion, Plaintiff will file a supplemental declaration containing a copy of the fully executed Settlement Agreement.  *See* Lyon Decl. ¶ 22. The agreement provides that Defendant will pay the settlement amount within forty (40) days after the approval by the Court.

In exchange for the consideration described above, Plaintiff has agreed to dismiss the causes of action alleged in the Complaint.  The release language does not extend to the release of claims beyond those alleged in the Complaint.

## IV.    STANDARD FOR APPROVAL OF FLSA SETTLEMENTS

"When employees bring a private action for back wages under the [FLSA], and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Because "[t]he Ninth Circuit has not established the criteria that a district court must consider in determining whether an FLSA settlement warrants approval," district courts in this Circuit widely follow the Eleventh Circuit's *Lynn's Food Stores* standard. *Dunn v. Teachers Ins. & Annuity Ass'n of Am.*, No. 13-cv-05456-HSG, 2016 WL 153266, at *3 (N.D. Cal. Jan. 13, 2016); *Rodriguez v. Nationwide Mutual Ins.Co., et al.*, No. 8:16-cv-02217-JLS-DFM, 2017 WL 7803796, at *1 (C.D. Cal. Nov. 16, 2017).

/ / /

/ / /

1  Most courts hold that an employee's overtime claim under FLSA is non-
2  waivable and, therefore, cannot be settled without supervision of either the Secretary
3  of Labor or a district court. *See Lynn's Food Stores*, 679 F.2d at 1352-55; *see also Otey*
4  *v. CrowdFlower, Inc.*, No. 12-cv-05524, 2014 WL 1477630, at *3 & n.5 (N.D. Cal.
5  Apr. 15, 2014) (collecting cases applying *Lynn's Food Stores*).

6  Under *Lynn's Food Stores*, a district court may approve an FLSA settlement
7  only if it reflects "a fair and reasonable resolution of a bona fide dispute over FLSA
8  provisions." *Otey v. CrowdFlower, Inc.*, supra note 2, at *4 (N.D. Cal. Oct. 16, 2015)
9  (quoting *Lynn's Food Stores*, 679 F.2d at 1355). "If a settlement in an employee FLSA
10 suit does reflect a reasonable compromise over issues, such as FLSA coverage or
11 computation of back wages, that are actually in dispute; we allow the district court to
12 approve the settlement in order to promote the policy of encouraging settlement of
13 litigation." *Lynn's Food Stores*, 679 F.2d at 1354.

14 The FLSA was enacted for the purpose of protecting workers from substandard
15 wages and oppressive working hours. *Barrentine v. Arkansas–Best Freight*
16 *System,* 450 U.S. 728, 739 (1981). Therefore, an employee's right to fair payment
17 cannot be "abridged by contract or otherwise waived because this would nullify the
18 purposes of the statute and thwart the legislative policies it was designed to
19 effectuate." *Id.* Accordingly, FLSA settlements require the supervision of the
20 Secretary of Labor or the district court. *See Lynn's Food Stores*, 679 F.2d at 1352-53.
21 The FLSA also requires that a settlement agreement include an award of reasonable
22 fees. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any
23 judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be
24 paid by the defendant, and the costs of the action").

25 The Eleventh Circuit, following *Lynn's Food Stores*, in determining whether a
26 settlement is fair and reasonable identified the factors such as: (1) the existence of
27 fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely
28 duration of the litigation; (3) the stage of the proceedings and the amount of discovery

completed; (4) the strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575 (M.D. Fla. March 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat'l. Ass'n.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

When considering these factors, the Court should keep in mind the "'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *Id.* (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3rd Cir. 1995) (other internal citations omitted)).

As discussed below, those factors strongly favor this settlement.

## A.    THE SETTLEMENT IS A REASONABLE COMPROMISE OF A BONA FIDE DISPUTE REGARDING FLSA LIABILITY

The Court should approve the settlement because it reflects a reasonable compromise of a *bona fide* dispute regarding Defendants' alleged FLSA liability. There was no collusion in reaching the Agreement. The Parties were adequately represented by competent counsel experienced in litigating cases under the FLSA, and the Agreement reached was the result of good-faith, arms' length negotiation between the Parties. Defense counsel, Brian Walter, has represented The County of Riverside for years. Ms. Lyon has tried multiple employment cases and obtained substantial settlements against employers including, public entities. Ms. Lyon has been appointed class counsel in several cases. Lyon Decl. ¶¶ 29-31.

The Parties have strenuously different opinions about the classification of the employees as exempt or non-exempt. The parties engaged in discovery, including the production of nearly a thousand documents of the shifts worked by the plaintiffs. That was the critical factor in the size of the potential damages and the duties to determine the classification of each plaintiff.

Counsel was cognizant and aware of each other's arguments and positions pertaining to employee classification. Because it is uncertain which view of the facts the trier of fact would embrace, and to avoid the costs and burdens of protracted litigation, the Parties reached this settlement.

Had this matter proceeded to trial the damage award, included the risk for Defendants was that in a fee-bearing case, with a real likelihood of liability, the attorneys' fees would significantly increase the damages. The FLSA structure was intentionally designed by Congress as a remedial measure to incentivize and encourage private attorneys to pursue lower damage wage and hour claims with clear liability. "[T]he FLSA is a uniquely protective statute," *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016), and its purposes "require that it be applied even to those who would decline its protections," *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 302 (1985). By awarding reasonable fees and costs to prevailing FLSA litigants, "Congress intended to encourage private citizen enforcement of the [FLSA]." *Soler v. G & U, Inc.*, 658 F.Supp. 1093, 1097 (S.D.N.Y. 1987). Indeed, "Plaintiffs' counsel's role as private attorneys general is key to the effective enforcement of these statutes." *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12-cv-6094 (PAE), 2014 WL 4670870, at *12 (S.D.N.Y. Sept. 19, 2014).

Similarly, the relevant statute of limitations, which depends on whether the Plaintiffs could show the County's violation was "willful" was also legitimately disputed. These disputes raise legitimate questions about the extent to which the County was liable under the FLSA. The Parties believe they each have legitimate arguments deserving consideration and in the light of these competing views believe a bona dispute exists. For these reasons, the Parties pursued mediation and a settlement.

/ / /

/ / /

### B.    THE SETTLEMENT WAS REACHED THROUGH A FAIR NEGOTIATION

Settlements must result from arm's-length bargaining, not coercion or one-sided pressure. Here, the parties were represented by experienced and capable counsel who engaged in good-faith negotiations informed by the exchange of significant records and data. The agreement was not the product of haste or imbalance, but rather of deliberation and mutual compromise. Finally, the settlement was facilitated by an experienced mediator, the Hon. Patrick J. Walsh (Ret.).

### C.    THE SETTLEMENT IS NOT THE RESULT OF FRAUD OR COLLUSION

The settlement process must be free from fraud, deception, or improper influence. Here, there is no evidence of any such misconduct here. The parties participated in formal mediation and exchanged relevant data, and both counsel have confirmed the integrity of the process through their declarations.

### D.    THE SETTLEMENT FALLS WITHIN THE REASONABLE RANGE OF POSSIBLE RECOVERY

In determining whether a settlement is fair and reasonable under the FLSA, courts consider whether the settlement amount falls within a reasonable range in light of the plaintiffs' estimated maximum recovery. This analysis accounts for the strengths and weaknesses of the case, the evidence available, and the risks of continued litigation. See *Otey v. CrowdFlower, Inc.*, supra at *3 (N.D. Cal. Apr. 15, 2014). In this case, Plaintiffs estimate their maximum potential recovery—including unpaid overtime, liquidated damages, and interest—was approximately $850,000 to $1,500,000, depending on the ultimate findings regarding off-the-clock work hours, the applicable statute of limitations (two or three years depending on willfulness), and whether liquidated damages would be awarded in full. However, this "best case" scenario was subject to significant factual and legal uncertainty. Several factors limited the likelihood of full recovery:

- **Exemption Classification**: Defendant contends that Plaintiffs were properly classified as exempt professionals under the FLSA. The duties test for exemption—particularly in the context of licensed healthcare professionals—can be complex and fact-intensive. Had the Court or jury credited the County's position, Plaintiffs could have recovered nothing under the FLSA.

- **Off-the-Clock Hours**: Plaintiffs allege that they worked significant hours off the clock, including pre- and post-shift work, without compensation. Defendants dispute this and argue that timekeeping systems accurately reflected all hours worked. This dispute over factual evidence would have been central at trial and difficult to resolve without credibility determinations.

- **Willfulness and the Three-Year Statute of Limitations**: Plaintiffs sought recovery under the FLSA's three-year statute of limitations, which requires a showing of a "willful" violation. Whether the County's conduct met this standard was disputed and would have significantly impacted the damages period and total recovery.

- **Risk of No Liquidated Damages**: Under 29 U.S.C. § 260, a defendant may avoid liquidated damages by showing it acted in good faith and had reasonable grounds for believing it was not violating the FLSA. Defendants intended to assert this defense, creating risk that any back wages awarded would not be doubled.

When considering these risks, the gross settlement amount of **$500,000**—which includes **$319,000 in direct payments to Plaintiffs**—represents a substantial portion of Plaintiffs' potential recovery. After accounting for attorney's fees and costs, the net recovery to Plaintiffs remains meaningful and immediate, especially when weighed against the risk of receiving nothing at trial.

/ / /

/ / /

/ / /

This aligns with the principle that a settlement is "a compromise, a yielding of the highest hopes in exchange for certainty and resolution." *King v. My Online Neighborhood*, No. 6:06-cv-435-ORL-22JGG, 2007 WL 737575, at *3 (M.D. Fla. Mar. 7, 2007). Courts routinely approve FLSA settlements that provide for less than full recovery where the compromise is reasonable and results from arms-length negotiation. See *Selk v. Pioneers Memorial Healthcare District*, 159 F. Supp. 3d 1164, 1175 (S.D. Cal. 2016) (approving FLSA settlement where plaintiffs received approximately 30% of estimated maximum recovery).

In sum, the settlement provides a fair and reasonable recovery in light of the legal uncertainties and factual disputes in this case. It ensures meaningful compensation for the Plaintiffs while avoiding the risk, delay, and expense of continued litigation.

**E.    THE SETTLEMENT IS FAIR AND REASONABLE IN THE LIGHT OF THE FACTS AND APPLICABLE LAW**

Courts evaluate fairness in the context of the specific circumstances of the case, considering both the strengths and weaknesses of the parties' positions. Here, the settlement reflects a compromise that balances the Plaintiffs' claims for unpaid wages and liquidated damages with the County's defenses regarding exemption status and payment practices. In assessing these standards, courts often weigh the following non-exclusive factors:

- **The risk, expense, and likely duration of further litigation**:

Continued litigation would involve complex legal issues related to exemption classifications, timekeeping practices, and potential willfulness under the FLSA. Discovery and trial would be time-intensive and costly, with uncertain outcomes for both parties. Settlement avoids protracted litigation and provides prompt relief to the Plaintiffs.

/ / /

/ / /

- **The strength of the plaintiffs' case**:

    While Plaintiffs have identified strong evidence supporting their claims—such as detailed work schedules, declarations, and time records—Defendant maintains credible defenses. The outcome would likely turn on disputed factual issues regarding Plaintiffs' duties and hours worked off the clock. This uncertainty favors resolution by settlement.

- **The opinions of counsel**:

    Courts give weight to the judgment of experienced counsel, who are well positioned to assess the strengths and weaknesses of the claims. Both parties are represented by attorneys with substantial experience in employment and wage-and-hour litigation. Plaintiff's counsel, for instance, has tried and resolved numerous class and collective actions, and her declaration supports the fairness of the outcome. Lyon Decl. ¶¶ 14–16; *See also* Declaration of Matthew B. Perez, Esq. ("Perez Decl.") at ¶¶ 4-5.

    Defendant's counsel has represented public entities in over 150 FLSA cases in federal courts over the past 28 years, including two jury trials and two bench trials in Central District courts, and four published Ninth Circuit decisions on FLSA cases – *Haro v. City of Los Angeles,* 745 F.3d 1249 (9th. Cir. 2014), *Flores v. City of San Gabriel*, 824 F.3d 900 (9th. Cir. 2016), *Campbell v. City of Los Angeles*, 903 F.3d 1090 (9th. Cir. 2018), and *Sanders v. County of Ventura,* 87 F.4th 434 (9th. Cir. 2023). *See* Walter Decl. ¶ 5.

- **The degree of discovery completed**:

    Substantial discovery was completed before the settlement, including the production of nearly 1,000 records detailing employee work shifts, hours, and policies. Additionally, each Plaintiff provided a declaration under the penalty of perjury to support their claims of hours worked that they were not compensated. The parties had a well-developed understanding of the factual record, allowing them to realistically assess potential damages and liability exposure. This level of discovery weighs

strongly in favor of settlement approval. Plaintiffs' counsel also utilized an economic expert to help assess both the backpay and liquidated damages. (Lyon Decl. ¶ 36).

In light of these factors, the settlement represents a thoughtful and informed resolution of the parties' bona fide disputes under the FLSA. Courts routinely encourage settlement in FLSA actions to ensure efficient and fair compensation to workers while conserving judicial resources. See *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, … [the court] may approve the settlement in order to promote the policy of encouraging settlement of litigation.").

## V.     THE ATTORNEYS' FEES AND COSTS SOUGHT ARE FAIR AND REASONABLE

The recovery of attorney's fees and costs is mandatory, not discretionary.  29 U.S.C.§ 216(b). Under the FLSA, a prevailing plaintiff is entitled to recover reasonable attorneys' fees and costs. Specifically, 29 U.S.C. § 216(b) provides: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." This mandatory fee-shifting provision is designed to encourage private enforcement of the FLSA and ensure that workers can obtain competent legal representation to vindicate their statutory rights, even when individual damages may be relatively modest.

Courts in the Ninth Circuit routinely approve attorneys' fees in FLSA collective actions where, as here, the case was litigated on a contingency basis and involved substantial time, effort, and risk. See, e.g., *McKeen-Chaplin v. Franklin Am. Mortg. Co.*, 2018 WL 3474472, at *2 (N.D. Cal. July 19, 2018) (approving one-third of the common fund in FLSA settlement); *Greer v. Dick's Sporting Goods, Inc.*, 2020 WL 5535399, at *4 (E.D. Cal. Sept. 15, 2020) (approving fees representing approximately 33% of the common fund in a hybrid FLSA/state law wage and hour action).

The requested fee of $164,516.23—representing less than one-third of the gross settlement amount—is consistent with prevailing norms in FLSA settlements and reflects the time and labor required, the complexity of the legal issues, the skill required, and the result obtained. These amounts are fair and reasonable in light of:

- **The Substantial Work Performed**

As set forth in the Declaration of Devon Lyon, Plaintiffs' counsel dedicated hundreds of hours to litigating this case over nearly three years. This work included extensive discovery, written and deposition practice for the named and opt-in plaintiffs, conditional certification under 29 U.S.C. § 216(b), coordination of notice and consent processes, and preparation for and participation in a formal mediation with the Hon. Patrick Walsh (Ret.), followed by continued negotiations resulting in a mediator's proposal. The work was performed entirely on a contingency basis, with no guarantee of recovery. The attorney's fees of $164,516.23 represents 33% of the total settlement in this matter.

- **Experience and Expertise**

Devon Lyon, Matthew Perez, and Lyon Legal, P.C. have extensive experience in wage and hour class and collective actions, including both plaintiff and defense-side representation. This dual perspective enhances the quality and efficiency of their advocacy, particularly in complex cases like this one. The Declaration lists dozens of representative matters across state and federal courts, including multiple FLSA collective actions. *See* Lyon Decl. ¶¶ 14-16; *See* also Perez Decl. at ¶¶ 4-5.

- **The Lodestar Cross-Check Supports the Requested Fee**

Although the requested fees represent a percentage of the common fund (in line with the Ninth Circuit's approval of the percentage method in common fund cases), the amount is also supported by a lodestar cross-check. Based on hundreds of hours of attorney time and prevailing market rates for experienced wage and hour counsel in Southern California, Plaintiffs' counsel's lodestar is reasonable, if not discounted. The fee requested here results in a modest multiplier that is well within the range approved

by courts in similar wage and hour collective actions.

- **Costs Are Necessary and Reasonable**

The costs incurred include necessary expenses such as mediation fees, court filing fees, deposition transcripts, and service of process. These costs were essential to the prosecution of the claims and are well within the norm for a case of this complexity and duration. Lyon Legal's costs were $19,903.93 but it will only seek a maximum recovery of $16,483.77 to allow for additional allocation to the Plaintiff and Opt-In Plaintiffs.

- **No Objections or Disputes Over Fees**

Importantly, the Settlement Agreement provides that Defendant does not oppose the attorneys' fees and costs requested, and no plaintiff has objected to the fees or raised concerns during the notice process. Courts routinely approve attorneys' fee requests under these circumstances, especially when the result is non-collusive and benefits the class directly.

The Agreements provide equitable compensation to the Plaintiffs. As evidenced below, Counsel expended considerable time litigating the matter. *See* Lyon Decl. ¶ 34.

| Timekeeper | Position | Time | Rate (per hour) | Total ($) |
|---|---|---|---|---|
| Devon Lyon | Attorney-owner | 112.60 | $700 | $78,820 |
| Matthew Perez | Attorney (Sr.) | 319.20 | $500 | $159,600 |
| Anand Mathew | Attorney | 2.30 | $400 | $920 |
| Christian Nicholas | Attorney (Jr.) | 92.3 | $300 | $27,690 |
| April Mangels | Paralegal | 4.0 | $100 | $400 |
| Teresa Acosta | Paralegal | 57.40 | $100 | $5,740 |
| **TOTAL FEES** | | 587.8 | | **$273,170** |

UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT
14

This settlement is favorable to Plaintiff, and in light of the work performed in the lawsuit and the juncture of the settlement in the litigation, the fees are reasonable.

## VI. RETENTION OF JURISDICTION PENDING COURT APPROVAL

In connection with this request for approval of the parties' FLSA settlement, the Parties respectfully request that the Court retain jurisdiction over the action until the settlement has been finally approved and fully effectuated. Retaining jurisdiction is consistent with the Court's inherent authority to manage its docket and to ensure the orderly administration of justice.

Retaining jurisdiction will allow the Court to oversee the implementation of the terms of the settlement agreement, including the distribution of settlement funds, resolution of any disputes that may arise, and the final dismissal of this action with prejudice upon full performance by the parties. Accordingly, the Parties respectfully request that the Court expressly retain jurisdiction over this action until final approval is granted and the settlement is fully administered.

## VII. CONCLUSION

For the foregoing reasons, the Plaintiffs request that the Court approve the Agreement and enter the proposed Order. Plaintiffs also request that the Court retain jurisdiction over this action until final approval is granted and the settlement is fully administered.

LYON LEGAL, P.C.

Dated: June 2, 2025

/s/Devon M. Lyon
DEVON M. LYON, ESQ.
MATTHEW B. PEREZ, ESQ.

**Attorneys for Plaintiffs,**
ANTHONY WILKINS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>LOCAL RULE 5-4.3.4(a)(2)(i) CERTIFICATION</u>

The undersigned attests that all other signatories listed above on whose behalf this filing is submitted concur in the filing's content and have authorized the filing.


/s/Devon M. Lyon
Devon M. Lyon

# CERTIFICATE OF SERVICE

**RE:**     **WILKINS vs. COUNTY OF RIVERSIDE, et al.**
                **(CASE NO. 5:22-CV-00798-JWH-KK)**

       I am a citizen of the United States and employed in the County of Los Angeles, State of California. I am over eighteen (18) years of age and not a party to the above-entitled action. My business address is LYON LEGAL, P.C. 1154 E. Wardlow Rd., Long Beach, CA 90807.

       On **June 2, 2025**, I served the foregoing document(s) described as:

- **UNOPPOSED MOTION FOR APPROVAL OF FLSA SETTLEMENT, AWARD OF ATTORNEY'S FEES AND COSTS**

       on the interested parties by placing a true and correct copy thereof in a sealed envelope(s) addressed as follows:

## SEE ATTACHED PROOF OF SERVICE LIST

**VIA ECF:**

☑     by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them via email as indicated above.

**VIA U.S. MAIL:**

☐     by placing the above-listed document(s) in a sealed envelope with postage prepaid in the United States mail at Long Beach, California to the address(es) listed below.

**VIA ELECTRONIC MAIL:**

☐     I personally delivered such documents via electronic mail to the email address(es) listed below.

       I declare under penalty of perjury under the laws of the United States that the above is true and correct.

       Executed on **June 2, 2025**, at Long Beach, California.

                        /s/Devon M. Lyon
                        DEVON M. LYON

## CERTIFICATE OF SERVICE LIST

| | |
|---|---|
| Brian P. Walter, Esq.<br>bwalter@lcwlegal.com<br>Kelsey Ridenhour, Esq.<br>kridenhour@lcwlegal.com<br>Simone Del Barco, Esq.<br>sdelbarco@lcwlegal.com<br>Amber Heinze<br>aheinze@lcwlegal.com<br>Taylor Lane<br>tlane@lcwlegal.com<br>Hope Fleischman<br>hfleischman@lcwlegal.com<br>**LIEBERT CASSIDY WHITMORE**<br>135 Main St., 7th Floor<br>San Francisco, CA 94105<br>(415) 512-3000 – Telephone<br>(415) 856-0306 – Facsimile<br><br>Attorneys for Defendant,<br>**COUNTY OF RIVERSIDE** | |